UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE COOKS                                    CIVIL ACTION

VERSUS                                          NO. 09-174

NATIONAL FLOOD INSURANCE                        SECTION "C" (3)
PROGRAM

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, the United States of America on behalf of the Federal Emergency Management Agency ("FEMA"), a component of the U.S. Department of Homeland Security that administers the National Flood Insurance Program ("NFIP"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiff sues for Katrina-related damages allegedly covered by her Group Flood Insurance Policy ("GFIP), a flood insurance policy directly issued by FEMA

1

under the Stafford Act, 42 U.S.C. § 5174, the terms of which are fixed by FEMA and are the same as the Standard Flood Insurance Policy ("SFIP") issued through the NFIP. The undisputed facts indicate that FEMA received the plaintiff's Notice of Loss on October 25, 2005, and after investigation, determined that the structure had suffered a major fire some months prior to Hurricane Katrina and no repairs had been made. FEMA advised the plaintiff by letter on April 3, 2006, that the claim was being denied and advising her that any lawsuit in federal district court needed to be filed within one year. The plaintiff's first suit against FEMA was filed on April 28, 2009, by way of Amended Complaint.

The defendant argues that the proof of loss and supporting documentation was filed after the one year SFIP deadline with the FEMA waiver[1], and that the lone proof of

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows"
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General

2

loss was insufficient due to the lack of supporting documentation under Art. VII(J)(3), VII(J)(4)(f) and VII(R) of the SFIP.² The plaintiff acknowledges the evidence of unrepaired fire damage, but maintains that she did file a proof of loss dated August 23, 2006.

Assuming that FEMA received the August 23, 2006, proof of loss, the Court need not go further than examining the timeliness of filing suit and sufficiency of the proof of loss. Suit was filed more than one year after the claim was denied in April 2006. In addition, the Court finds that the proof of loss submitted was deficient due to the lack of <u>any</u> supporting documentation prior to filing suit. *Markey v. La. Citizens Fair Plan*, 2009 WL 23858 (E.D.La.); *Eichaker*, *supra*. FEMA's August 31, 2005, waiver provided the extended deadline for filing the supplemental proof of loss was conditioned on full compliance with the SFIP requirements. "Under FEMA regulations, strict adherence is

---

        Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.
 (Rec, Doc. 15, Exh. 3). See *Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

² Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."

required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.,* 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, the United States of America on behalf of the Federal Emergency Management Agency, a component of the U.S. Department of Homeland Security that administers the National Flood Insurance Program is GRANTED. (Rec. Doc. 19).

New Orleans, Louisiana, this 2nd day of November, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE